**(September 24, 1973)**

■ BETTY ANGLIN, Appellant, v. WILLIAM BRAILOVSKY et al., Respondents, and SAMUEL BRAILOVSKY et al., Defendants.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, entered March 15, 1973, which granted a motion by defendants William Brailovsky and Tessie Brailovsky to dismiss the action as to them for failure to serve a complaint (CPLR 3012, subd. [b]). Order affirmed, without costs. No opinion. Shapiro, Acting P. J., Gulotta and Christ, JJ., concur; Brennan and Benjamin, JJ., dissent and vote to reverse and deny the motion with the following memorandum: Under the circumstances of this case, we believe that plaintiff's default should be opened upon payment of $250 costs by plaintiff's attorney (*Moran* v. *Rynar*, 39 A D 2d 718; *Williams* v. *Jewish Hosp. of Brooklyn*, 40 A D 2d 532; *Stewart* v. *Board of Educ. of City of N. Y.*, 40 A D 2d 698).

■ KATHERINE ASHLEY, Appellant, v. BERGEN EVENING RECORD CORPORATION et al., Respondents.— Appeal by plaintiff (1) from an order of the Supreme Court, Rockland County, dated May 21, 1973, which *inter alia* granted defendants' cross motion for summary judgment dismissing the complaint and (2) from so much of a further order of the same court, dated the same day, as, upon reargument, adhered to the original decision. Appeal from the first above-mentioned order dismissed as academic. That order was superseded by the order granting reargument. Second above-mentioned order affirmed insofar as appealed from, without opinion. Respondents are granted one bill of $20 costs and disbursements to cover the appeal from both orders. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.

■ GERTRUDE BUDESHEIM, Individually and as Executrix of WILLIAM F. STAHLHUT, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Kings County, dated July 18, 1972, which granted plaintiff's motion to compel defendant to accept a complaint and denied defendant's cross motion to dismiss the action for failure to timely serve a complaint. Order reversed, in the exercise of discretion, without costs; plaintiff's motion denied; and defendant's cross motion granted. To justify the 29-month delay in serving the complaint, plaintiff's attorney asserts that his secretary inadvertently placed the case file with those marked "closed". In our opinion, this excuse amounts to a "law-office failure", which, standing alone, is insufficient to defeat a motion to dismiss an action for failure to timely serve a complaint or to constitute a cognizable explanation to excuse the delay (*Fromberg* v. *261 Broadway Estates*, 38 A D 2d 752). Rabin, P. J., Hopkins, Shapiro, Christ and Brennan, JJ., concur.